

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 12, 1962

Honorable Robert Gallaway
District Attorney
84th Judicial District
Borger, Texas

Opinion No. WW-1438

Re: Whether the approval of the
Commissioners Court is re-
quired before the County
Clerk is authorized to file
subdivision plats of tracts
of land located in counties
of 190,000 population or
less, according to the last
preceding federal census,
when the land is outside of
a city but within five miles
of the city limits thereof
and when the city has al-
ready approved the subdivi-
sion plat.

Dear Mr. Gallaway:

In a recent opinion request of this office, you in
effect state the following facts:

A tract of land lying outside the city limits of an
incorporated city but within five miles of the city limits of
said city has been subdivided and platted. The subdivision
and plat thereof has been approved by the city, which city is
within five miles of the tract, by following the procedure
set out under Article 974a, Vernon's Civil Statutes. The
County Commissioners Court of the county wherein the tract of
land lies has never invoked the authority granted to it in
regard to the subdivision of tracts of land so situated as
the instant tract under Section 3 of Article 6626a, nor has
the Commissioners Court made any requests of the subdividers
and platters as it is authorized by said Section 3 to do in
its discretion. (The county wherein the land lies falls with-
in the county classification requisite set forth in Section 1
of Article 6626a.)

You then in effect ask if under the above enumerated
circumstances the County Commissioners Court by the provisions
of Section 4 of Article 6626a must approve the subdivision and
plat of said tract of land before said plat can be filed in
the office of the County Clerk of the county wherein the land

lies, when the County Commissioners Court has never made any requirement on the subdividers in regard to their subdivision work as the Commissioners Court is authorized to make in its discretion under Section 3 of Article 6626a.

Article 6626, Vernon's Civil Statutes, Article 974a, and Article 6626a, insofar as the subdivision of the land which is involved herein is concerned, are in para materia and must be considered together. When so considered, we see that Article 6626 in part authorizes the County Clerk to file subdivision plats of tracts of land situated outside of an incorporated city or town, but within five miles of the corporate limits when the subdivision has been approved by only the governing body of the city or the planning commission of the city per Article 974a.

Among other things, Article 974a sets forth the procedure to be followed in obtaining approval by city authorities of plats for the subdivision of tracts of land located either within the corporate limits of cities or towns or within five miles of the corporate limits of cities or towns.

Article 6626a applies only to counties of 190,000 population or less according to the last preceding federal census. In such counties, the subdivider and platter of any tract of land located outside of the corporate limits must meet the requirements set forth in this article in addition to the requirements which occure under Article 974a.

Section 1 of Article 6626a sets forth certain requirements that must be met by any such subdivider and platter.

Section 3 sets forth a procedure the Commissioners Court is to follow when making, it its discretion, certain additional requirements of the subdivider and platter as enumerated in said section.

Section 4 of Article 6626a specifically states that:

"Sec. 4. The Commissioners Court of any such county shall have the authority to refuse to approve and authorize any map or plat of any such subdivision, unless such map or plat meets the requirements as set forth in this Act; and there is submitted at

the time of approval of such map or
plat such bond as may be required by
this Act."

The grant of such authority, as quoted above, cannot be considered as the bestowal of some idle and superfluous authority and duty upon the Commissioners Court of a county which subdividers and platters of tracts of land therein might ignore if they can successfully hide their subdivision and platting work from the eyes of the Commissioners Court of the county where the subdivided tract lies.

It is incumbent upon any such subdividers should they desire to have their plats filed for record in the County Clerk's office to submit their plats to the Commissioners Court for its official consideration and action thereon.

Obviously when the Commissioners Court acts thereon it can disapprove and refuse to authorize the filing of such plat with the County Clerk's office if such plat fails to meet the requirements of any section of Article 6626a including Section 1 irrespective of whether the Commissioners Court has set out any additional requirements as per Section 3. If the Commissioners Court does not disapprove of a plat or does not refuse to authorize the subdividers to file such plat in the office of the County Clerk when passing upon the question of whether a plat "meets the requirements as set forth in this act," (Emphasis added) the Commissioners Court has in fact approved the plat and authorized its filing whether it has stamped "approved and authorized" on said plat or whether it has stamped "not disapproved and not unauthorized" thereon.

We therefore answer your question - yes. The County Commissioners Court must approve and authorize the filing of the subdivision plat under the facts in question.

### SUMMARY

The approval and authorization of the
Commissioners Court is required before the
County Clerk is authorized to file subdivision
plats of tracts of land located in counties of
190,000 population or less, according to the
last preceding federal census, when the land
is outside of a city, but within five miles of
the city limits thereof, when the city has

already approved the subdivision plat, and when the County Commissioners Court has never made any requirement on the subdivider and platter in regard to the subdivision work as the Commissioners Court is authorized to make in its discretion under Section 3 of Article 6626a.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Milton Richardson
Milton Richardson
Assistant

MR:ljb/gs

APPROVED

OPINION COMMITTEE
W. V. Geppert, Chairman

L. P. Lollar
Joe Osborn
James Broadhurst
Marvin Sentell

REVEIWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore